Ang v. Holder

BIA
Bukszpan, IJ
A089 009 168/169

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:
>      REENA RAGGI,
>      RICHARD C. WESLEY,
>      CHRISTOPHER F. DRONEY,
>           *Circuit Judges.*

_____

LIAN LING ANG, ALWIS ROTHER,
>      *Petitioners,*

v.                                              11-3749
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONERS:        David J. Rodkin, New York, NY.

FOR RESPONDENT:         Stuart Delery, Acting Assistant
                        Attorney General; Thomas B.
                        Fatouros, Senior Litigation Counsel;
                        Kathryn M. McKinney, Attorney,
                        United States Department of Justice,
                        Office of Immigration Litigation,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lian Ling Ang and her husband Alwis Rother, natives and citizens of Indonesia, seek review of an August 24, 2011, order of the BIA affirming the March 15, 2010, decision of Immigration Judge ("IJ") Joanna M. Bukszpan, which denied their application for asylum and withholding of removal. *In re Lian Ling Ang*, *Alwis Rother*, Nos. A089 009 168/169 (B.I.A. Aug. 24, 2011), *aff'g* Nos. A089 009 168/169 (Immig. Ct. N.Y. City Mar. 15, 2010).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B)*; Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The only issue before us is Petitioners' eligibility for asylum and withholding of removal on the asserted ground that they suffered past persecution based on ethnicity and

2

religion, giving rise to a presumptive well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1); *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006).  The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive."  *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).  The harm must be sufficiently severe to rise above "mere harassment."  *Ivanishvili*, 433 F.3d at 341.  Here, the agency reasonably found that the mistreatment Ang endured did not rise to the level of persecution.

Petitioners argue that the IJ failed to consider Ang's experiences in the aggregate in concluding that she did not suffer past persecution.  However, the BIA explicitly noted that the "cumulative effect" of Ang's experiences did not rise to the level of persecution.  Moreover, the record supports the agency's conclusion that, in the aggregate, Ang was not harmed to the degree necessary to reach the high threshold of "persecution," but rather experienced "mere

3

harassment." *See id*. The record shows that in 1995, Ang's house was robbed, while Ang and her family were in it, by three ethnic Indonesian men who claimed to be police officers; in 1996 Ang jumped out of a moving minibus to avoid being mugged by an ethnic Indonesian; in 2002, she was mugged by three Indonesian men; and in 2003, her husband was attacked and hit by a group of ethnic Indonesians. However, neither Ang nor her husband were ever subjected to serious physical or mental harm to the degree that their lives or freedom were actively threatened, and, as a result, these unfortunate experiences in Indonesia do not rise to the level of past persecution. *See Acosta*, 19 I. & N. Dec. at 222; *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006). Although "non-life threatening violence and physical abuse" may constitute persecution as well, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), the agency did not err in determining that the sporadic instances during which Ang or her husband endured physical harm did not rise to the level of persecution when considered in the aggregate. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 821 (2d Cir. 2011) (holding that isolated instance of physical violence followed by brief detention, viewed in context, was not persecution).

Because Ang did not establish that she suffered past persecution, the agency did not err in denying her application for asylum and withholding of removal. Moreover, because that finding is dispositive of Petitioners' claim, we do not reach Petitioners' argument that the harm was on account of a protected ground.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5