Chen v. Sessions

BIA
Poczter, IJ
A078 729 935

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of October, two thousand seventeen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

YONG LE CHEN,
        *Petitioner,*

        v.                                          16-3284
                                                    NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Richard Tarzia, Law Office of
                         Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Leslie McKay,
                         Senior Litigation Counsel; Aaron D.
                         Nelson, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Le Chen, a native and citizen of the People's Republic of China, seeks review of an August 24, 2016, decision of the BIA affirming a June 30, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Le Chen,* No. A 078 729 935 (B.I.A. Aug. 24, 2016), *aff'g* No. A 078 729 935 (Immig. Ct. N.Y. City June 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen challenges the agency's determination that his

2

punishment for violating the family planning policy did not amount to past persecution. "[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (citations omitted). It includes "non-physical forms of harm such as the deliberate imposition of a substantial economic disadvantage." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citations omitted).

Chen alleged that he was detained for two days and slapped twice, fined, and fired from his job. The agency was on sound footing in concluding that, even when viewed cumulatively, this punishment did not amount to persecution. *Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005) (the agency cannot consider "the severity of each event in isolation, without considering its cumulative significance"). The slapping during detention was not per se persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (explaining that "minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect," did not amount to persecution);

3

*Mei Fun Wong*, 633 F.3d at 72 ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citations omitted)). Nor did Chen demonstrate that the fine and job loss caused him "substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). He testified that his wife's family loaned them money for the fine, which they repaid within three years, while still making mortgage payments. Chen was also able to obtain another similar job within two months. *Cf. Huo Qiang Chen v. Holder*, 773 F.3d 396, 409 (2d Cir. 2014) (remanding for further proceedings because applicant testified that he could not earn enough or obtain a loan to pay a still outstanding fine).

Alternatively, Chen claimed to fear future persecution based on his resistance to the family planning policy. The IJ rejected this claim, noting that Chen's wife had lived in China without incident since their second child was born six years ago. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (evidence that applicant's "mother and daughters continued to live in El Salvador after Melgar emigrated without harm" undercut well-founded fear of persecution). The agency

4

reasonably concluded that Chen failed to show that he would be punished a second time for the policy violation. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 148-49 (2d Cir. 2008) (requiring that applicant show applicable family planning policy, violation of that policy, and that the violation "would be punished in the local area in a way that would give rise to an objective fear of future persecution").

Chen also claimed a well-founded fear based on his religious practice. That fear must be objectively reasonable. *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [the applicant's] fear is speculative at best."). The agency reasonably determined that, even assuming the police once looked for Chen four years earlier, the background evidence on China does not demonstrate that Chen's fear was objectively reasonable. The State Department reports explain that China recognizes only five religions and harasses and detains some religious practitioners; but the reports do not reflect a nationwide pattern or practice of persecution of Christians. More importantly, as the IJ noted, reports over the last three years have not mentioned persecution against Christians in

5

Chen's native Fujian province. *See Jian Hui Shao*, 546 F.3d at 142-43, 149, 170 (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality).

Chen argues that the agency erroneously applied too stringent a standard to his asylum claim, which requires a "reasonable possibility of future persecution." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). Twice, the IJ wrote that future harm was not likely, as opposed to not a reasonable possibility. But the IJ cited the correct standard, referenced the more generous standard for asylum, and gave no indication of applying anything more stringent. In any event, the BIA reviewed de novo the IJ's determinations that Chen failed to establish a well-founded fear of persecution, asking only whether he faced a reasonable possibility of persecution.

Having reasonably found that Chen failed to establish the less stringent requirements needed for asylum, the agency did not err in denying withholding of removal or CAT relief. *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                            FOR THE COURT:
                            Catherine O'Hagan Wolfe, Clerk

7