Martin v. Sessions

BIA
Segal, IJ
A079 252 661

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand eighteen.

PRESENT: ROSEMARY S. POOLER,
REENA RAGGI,
PETER W. HALL,
    *Circuit Judges.*

_____

FABIAN R. MARTIN, AKA FABIAN
RODRIGO MARTIN-BELTRAN,
        *Petitioner,*

v.                                              15-3840
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Samuel N. Iroegbu, Albany, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Anthony
                           P. Nicastro, Assistant Director;
                           Linda Y. Cheng, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Fabian Martin, a native and citizen of Colombia, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fabian R. Martin*, No. A079 252 661 (B.I.A. Oct. 28, 2015), *aff'g* No. A079 252 661 (Immig. Ct. N.Y.C. Mar. 12, 2014). Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition in part and to dismiss the petition in part.

## I. Asylum

We dismiss Martin's petition as it relates to the agency's pretermission of his asylum application as untimely.

2

An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(B), (D). Although we lack jurisdiction to review the agency's pretermission of asylum on timeliness grounds, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). In order to ascertain whether a petitioner raises such a constitutional challenge or question of law, we must determine "whether [the petition] merely quarrels over the correctness of the factual finding or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Martin's assertion that the BIA failed to consider the facts and circumstances of his case is contradicted by the record and merely quarrels with the correctness of the agency's discretionary determination that he failed to file his application within a reasonable time of what the agency assumed to be an exceptional circumstance—Martin's mistaken belief that his 2002 application for adjustment of status was an asylum application. *See id.* As the agency observed, even if Martin mistakenly believed that his application to adjust status was an asylum application, that application was denied

3

in 2004, and Martin failed to pursue an asylum claim until filing his asylum application more than 7 years later in 2012. Moreover, while Martin now contends that he filed an asylum application *before* applying to adjust status, he specifically identified his adjustment application as what he believed to be his prior asylum application. Because Martin fails to raise a constitutional or legal challenge to the agency pretermission of asylum, we lack jurisdiction to review that determination.

## II. Withholding of Removal

To establish eligibility for withholding of removal, an applicant must show a likelihood that his "life or freedom would be threatened in [Colombia] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see id.* § 1101(a)(42); 8 C.F.R. § 1208.16(b). A showing of past persecution creates a rebuttable presumption of a likelihood of future persecution. *See* 8 C.F.R. § 1208.16(b)(1).

Although the Immigration and Nationality Act does not define persecution, *see Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009), the BIA has defined it as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of*

4

*Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Past persecution can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *see Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id*. Unfulfilled threats alone do not constitute persecution. *See Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006).

First, the agency did not err in concluding that Martin failed to establish past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d at 340-41. Given that Martin's testimony lacked any details regarding the beating he asserted in his application, he did not testify that he suffered any injuries or sought medical treatment, and any threats he received were ultimately unfulfilled, the agency did not err in concluding that Martin failed to establish that his past harm rose to the level of persecution. *See*

*id.; Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

Second, Martin fails to challenge the agency's determination that he did not independently demonstrate a likelihood of future persecution. This claim is therefore waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Third, Martin also fails to challenge the BIA's determination that he did not establish a nexus between his proposed social group—individuals who are persecuted by a group the government of Colombia could not control—and the harm he suffered and feared. He has therefore waived review of this determination, which is entirely dispositive of his withholding claim. *See id.; Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, *and that the alleged persecutors targeted the*

6

*applicant 'on account of' her membership in that group."* (emphasis added) (citations omitted)).

Accordingly, because Martin did not show that he was persecuted or would be persecuted, or that any harm would be on account of his social group membership, the agency did not err in denying withholding of removal. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d at 340-41; *Paloka v. Holder*, 762 F.3d at 195.

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction as to asylum and DENIED in remaining part.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court