*Chen v. Sessions*

BIA
Van Wyke, IJ
A087 974 665

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand eighteen.

PRESENT:
JON O. NEWMAN,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

HUI CHEN,
*Petitioner,*

v.                                                          16-3330
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Elizabeth R.
                       Chapman, Trial Attorney, Office of
                       Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Chen, a native and citizen of the People's Republic of China, seeks review of a September 13, 2016, decision of the BIA affirming a July 22, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Chen,* No. A 087 974 665 (B.I.A. Sept. 13, 2016), *aff'g* No. A 087 974 665 (Immig. Ct. N.Y. City July 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case, which are referenced only as necessary to explain our decision.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  We address Chen's family planning and Christianity claims in turn.

## I.  Family Planning Claim

Chen alleged that in 2008, when his wife became pregnant with a second child in violation of the family planning policy, they relocated to avoid detection, but family planning officials discovered the violation and beat Chen when he tried to stop them from forcing his wife to have an abortion.  The agency concluded that, even assuming the truth of these allegations, the beating did not amount to persecution.

Chen cannot establish past persecution for himself based on his wife's forced abortion.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10, 313-15 (2d Cir. 2007) (holding that to demonstrate persecution, husbands of women who are forced to undergo abortions must show that they were personally harmed on account of their own resistance to the family planning policy).  Moreover, not every incident of physical violence constitutes persecution.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("We have never

3

held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*."). The agency reasonably concluded that Chen's brief confrontation with family planning officials outside of an arrest or detention and his failure to identify any specific injuries or need for medical treatment was insufficient to show harm rising to the level of persecution. *Id.* (upholding BIA's conclusion that single altercation with family planning officials resulting only in minor bruising did not constitute past persecution); *cf. Beskovic v. Gonzales*, 467 F.3d 223, 226-27 (2d Cir. 2006) (requiring careful consideration of even single beating when it occurs in context of arrest and detention).

We decline to address Chen's fear of sterilization because, as the Government argues, the IJ concluded that Chen's fear was not credible, Chen did not challenge that determination on appeal to the BIA, and the BIA found the issue waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 118-22 (2d Cir. 2007) (holding that issue exhaustion, while not jurisdictional, is mandatory).

4

## II. Christianity Claim

Even assuming that Chen's allegations about the police raid on his house church are credible, Chen alleged that he escaped from the raid and was never beaten or detained for his religious practice. Accordingly, he did not identify any past persecution and was therefore required to demonstrate that he "subjectively fears persecution" and "that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The objective component can be satisfied by establishing either "a reasonable possibility he . . . would be singled out individually for persecution" or "a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

The 2008 church raid alone does not establish a reasonable possibility that Chen will suffer harm rising to the level of persecution in the future. Chen did not provide any details about the raid (i.e., how many members were arrested, how long they were detained, or how they were treated in detention) and Chen testified that his wife and

5

her relatives have continued to attend the same house church and have engaged in evangelizing and outreach activities without any further incidents. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (evidence that similarly situated family members have not been harmed undercuts asylum applicant's fear of persecution); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," an applicant's fear of future persecution is "speculative at best"). Further, because the country conditions evidence reflected that the Chinese government's policies toward Christians and house churches vary by province and did not identify any reports of arrest in Chen's home province (Fujian), the agency reasonably concluded that Chen did not establish a pattern or practice of persecution of similarly situated Christians. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-62, 174 (2d Cir. 2008) (upholding BIA's requirement that applicant demonstrate that officials in his local area enforce a government policy when evidence demonstrates local variations in enforcement of that policy).

Because Chen failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7