Ramirez-Galvez v. Barr

BIA
Verrillo, IJ
A208 699 126

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty.

PRESENT:
>  REENA RAGGI,
>  PETER W. HALL,
>  DENNY CHIN,
>  *Circuit Judges.*

_____

GELSER ANTONIO RAMIREZ-GALVEZ,
>  *Petitioner,*

>  v.                                           18-912
>                                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:          Robert C. Ross, West Haven, CT.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice,

Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ramirez-Galvez, a native and citizen of Guatemala, seeks review of a March 6, 2018, decision of the BIA affirming an April 18, 2017, decision of an Immigration Judge ("IJ") denying Ramirez-Galvez's application for asylum and withholding of removal. *In re Ramirez Galvez,* No. A 208 699 126 (B.I.A. Mar. 6, 2018), *aff'g* No. A 208 699 126 (Immig. Ct. Hartford Apr. 18, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well-established. We review the agency's factual findings to determine if they are supported by substantial evidence; we review questions of law and application of law to fact de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

As an initial matter, Ramirez-Galvez's argument that the agency lacked jurisdiction over his removal proceedings because his notice to appear did not include a hearing date or time is foreclosed by *Banegas Gomez v. Barr,* 922 F.3d 101 (2d Cir. 2019). There we "conclude[d] that an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying the information is later sent to the alien." *Id.* at 112. There is no question that Ramirez-Galvez received such notice.

Turning to the agency's determination that he did not qualify for asylum and withholding of removal, we find no error in the agency's conclusion that Ramirez-Galvez did not establish past persecution or a well-founded fear of future persecution.

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). A past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3

3

(2d Cir. 2006). In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Id.* "The cumulative effect of the applicant's experience must be taken into account" in deciding whether the applicant has suffered persecution. *Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005) (quotation marks omitted).

The agency did not err in finding that the two incidents, one in which Ramirez-Galvez was punched in the stomach and another two-minute beating did not rise to the level of persecution. A beating is not "persecution *per se;*" instead, the agency must consider the context, including whether the beating occurred during an arrest or detention, the extent of the resulting injuries, and the need for medical attention. *Jian Qiu Liu v. Holder,* 632 F.3d 820, 822 (2d Cir. 2011); *see also Beskovic,* 467 F.3d at 226 ("[A] 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."). Ramirez-Galvez's assailants never asserted that they had any official capacity, nor did they attempt to arrest

4

and detain him. Moreover, Ramirez-Galvez did not seek medical treatment as a result of the encounters and stated only that he saw bruises for about two weeks and was in pain and did not go to work. The death threat made at the end of the second incident does not tip the scales because threats, while relevant to the analysis of the possibility of future harm, generally will not constitute past persecution. *See Gui Ci Pan v. U.S. Att'y Gen.,* 449 F.3d 408, 412-13 (2d Cir. 2006). Accordingly, the agency did not err in concluding that the cumulative harm Ramirez-Galvez experienced did not rise to the level of persecution. *See Poradisova*, 420 F.3d at 80; *Jian Qiu Liu,* 632 F.3d at 822.

Absent past persecution, Ramirez-Galvez had the burden of establishing an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005). Ramirez-Galvez did not establish an objectively reasonable fear. He did not see any of the men who harmed him after the

second attack, and there is no evidence that the main assailant contacted or attempted to contact Ramirez-Galvez or his family. Ramirez-Galvez testified, moreover, that he is no longer involved in politics, the party of the man who harmed him is no longer in power, and he did not provide any other reason someone would try to harm him now. Given the absence of specific threats or persuasive reasons that anyone would seek to harm him, Ramirez-Galvez's fear of future harm is "speculative at best." *Jian Xing Huang,* 421 F.3d at 129.

The agency also did not err in its alternative finding that Ramirez-Galvez could safely relocate within Guatemala and therefore did not have a well-founded fear of persecution. The agency's regulations provide that "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . , if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). In determining whether such relocation would be reasonable, the IJ "should consider . . . whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social

6

and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3). The IJ evaluated the factors required by the regulations and relied on country reports in the record to find that Ramirez-Galvez could reasonably relocate within Guatemala. The agency noted that Ramirez-Galvez is young and in good health and had full-time employment in Guatemala before he left. He is no longer involved in Guatemalan politics, and the party of his assailant does not hold national control.

Because Ramirez-Galvez's claim for withholding of removal was based on the same factual predicate as his claim for asylum, the agency also did not err in denying that form of relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7