Shrestha v. Garland

BIA
Christensen, IJ
A208 927 770

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of April, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

LAXMAN SHRESTHA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

18-3816

NAC

_____

FOR PETITIONER: Dilli Raj Bhatta, Esq., Bhatta Law & Associates, New York, NY.

FOR RESPONDENT: Brian M. Boynton, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Counsel; David J. Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Laxman Shrestha, a native and citizen of Nepal, seeks review of a November 29, 2018, decision of the BIA affirming a November 2, 2017, decision of an Immigration Judge ("IJ") denying Shrestha's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Laxman Shrestha,* No. A208 927 770 (B.I.A. Nov. 29, 2018), *aff'g* No. A208 927 770 (Immig. Ct. N.Y. City Nov. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

The agency did not err in concluding that Shrestha failed to satisfy his burden of proof for asylum, withholding of removal, and CAT relief based on his claim that Maoists attempted to attack him in 2009 and threatened him in 2013 on account of his membership in the Nepali Congress Party. To establish eligibility for asylum, Shrestha was required to show that he suffered past persecution, or that he has a well-founded fear of future persecution, on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

The agency did not err in concluding that Shrestha's experiences did not rise to the level of persecution because he was not harmed in either incident, he did not have any interaction with Maoists in Nepal during the four years between the incidents or the one and a half years after the second incident, and the Maoists' threats went unfulfilled. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)); *Jian Qiu Liu v. Holder*,

3

632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"); *Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412–13 (2d Cir. 2006) (concluding that unfulfilled threats do not constitute persecution).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). The agency did not err in concluding that Shrestha failed to establish a well-founded fear of persecution in Nepal because he remained unharmed in Nepal for one and a half years after the 2013 threat and conditions in Nepal had improved significantly since then. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding a fear of future persecution weakened

4

when similarly situated family members remain unharmed in petitioner's native country); *see* *also* *Ramsameachire*, 357 F.3d at 178. Because Shrestha does not have a well-founded fear of persecution, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Lecaj*, 616 F.3d at 119-20.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court