09-5258-ag
Jian Qui Liu v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2010

(Submitted: January 10, 2011                                    Decided: January 24, 2011)

Docket No. 09-5258-ag

JIAN QUI LIU,

        *Petitioner*,

        v.

ERIC H. HOLDER, JR., Attorney General of the United States,

        *Respondent.*

Before: FEINBERG, CABRANES, and RAGGI, *Circuit Judges.*

Feng Li, Moslemi and Associates, Inc., New York, NY, *for Petitioner.*

James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation (Tony West, Assistant Attorney General, and Emily Anne Radford, Assistant Director, Office of Immigration Litigation, *on the brief*), Civil Division, United States Department of Justice, Washington, DC, *for Respondent.*

PER CURIAM:

Petitioner Jian Qiu Liu, a native and citizen of the People's Republic of China, seeks review of a November 30, 2009, order of the Board of Immigration Appeals ("BIA"), vacating and reversing the January 28, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which granted his application for asylum. *In re Jian Qiu Liu*, No. A099 993 938 (B.I.A. Nov. 30, 2009), *vacating and rev'g* No. A099 993 938 (Immig. Ct. N.Y.C. Jan. 28, 2008).

At his removal hearing, Liu testified that he and his wife had a daughter born in August 2002. Shortly thereafter, a government official requested that Liu's wife wear an intrauterine device ("IUD"). Before deciding on whether to implant this device, Liu's wife discovered that she was pregnant. After learning of this development, Liu and his wife went to hide at the home of Liu's aunt, which was about four hours away.

On March 13, 2003, five family planning officials "barged" into the aunt's house and asked to see a birth permit. When none could be produced, these officials demanded that Liu's wife be taken so that a forced abortion could be performed. As Liu's wife was being "dragged" away, Liu pleaded for the officials to stop. Liu then tried to physically stop them. One of the officials slapped Liu, but Liu continued to struggle. At this point, several of the officials surrounded Liu and punched him repeatedly in the face, chest, and back. The police were later called—after the family planning officials took Liu's wife away in order to perform an abortion— and Liu spent two days in custody for violating China's family planning policy. Liu did not allege any mistreatment during his detention. Liu was able to leave China three years later, in May 2006.

On January 28, 2008, the IJ issued an oral decision granting Liu's application for asylum. The IJ deemed Liu's testimony to be credible. Relying on our decision in *Beskovic v. Gonzales*, 467 F.3d 223 (2d Cir. 2006), the IJ held that the physical confrontation, arrest, and detention described by Liu constituted

2

past persecution, thereby entitling Liu to a presumption of a well-founded fear of future persecution. In the absence of evidence rebutting Liu's presumed well-founded fear of future persecution, the IJ granted Liu's application for asylum.[1]

The Department of Homeland Security appealed the IJ's asylum decision to the Board of Immigration Appeals. The BIA accepted the IJ's credibility findings, but concluded that the IJ erred in holding that the mistreatment suffered by Liu rose to the level of persecution. Accordingly, the BIA vacated and reversed the IJ's decision granting Liu's asylum application. Liu now appeals.

Under the circumstances of this case, we review only the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Alibasic v. Mukasey*, 547 F.3d 78, 84-85 (2d Cir. 2008). We assess the agency's factual findings under the substantial evidence standard, but review the BIA's application of legal principles to undisputed facts *de novo*. *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

The BIA did not err in concluding that Liu failed to demonstrate his eligibility for asylum on account of his alleged resistance to the family planning policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (in banc). Liu argues that the BIA misapplied *Beskovic v. Gonzales*, *ante*, by failing to analyze whether the beating occurred in the context of his arrest, and that the harm he suffered on account of his resistance to the family planning policy constituted persecution because it occurred "in the context" of his arrest and detention. Although the BIA emphasized that Liu's mistreatment did not occur during his two-day detention without explicitly analyzing a potential connection to the arrest, we think that is implicit in the overall ruling. Thus, we find no error in the BIA's conclusion that Liu failed to establish persecution because substantial evidence supports the BIA's finding that, *prior* to his arrest and detention by local police, he suffered only minor bruising from

---

[1] Liu's requests for withholding of removal and CAT protection were denied, however.

3

an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) ("[W]e recognize that the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis."); *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005) (finding that petitioner did not suffer persecution when detained only briefly and not mistreated while in custody), *overruled in part on other grounds by Shi Liang Lin*, 494 F.3d 296. Liu presented no evidence that the family planning officials who physically attacked him had any intention of arresting or detaining him. The altercation occurred only when Liu attempted to prevent the family planning officials from taking his wife, and Liu was later arrested by local police.

Moreover, even assuming that the BIA misstated the *Beskovic* standard, we need not remand if doing so would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-39 (2d Cir. 2006); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401-02 (2d Cir. 2005). We have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*. Rather, we have held that a beating that occurs in the context of an arrest or detention *may* constitute persecution, and that the agency must be "keenly sensitive" to context in evaluating whether the harm suffered rises to the level of *persecution. Beskovic*, 467 F.3d at 226. Here, we can confidently predict that the BIA on remand would again find no persecution when it considered the mistreatment's context, and reasonably concluded, that, in the particular circumstances presented, the harm he suffered did not rise to the level of persecution. *See Ivanishvili*, 433 F.3d at 341.

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

4