10-2557-ag
Chen v. Holder

BIA
Burr, IJ
A094 923 024

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand eleven.

PRESENT:
ROBERT A. KATZMANN,
GERARD E. LYNCH,
DENNY CHIN,
        *Circuit Judges.*
_____

SHEN CHEN, AKA SHENG CHEN,
        *Petitioner,*

        v.                                    10-2557-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          David A. Bredin, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; Bernard A.
                         Joseph, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shen Chen, a native and citizen of China, seeks review of a June 10, 2010, order of the BIA affirming the June 27, 2008, decision of Immigration Judge ("IJ") Sarah M. Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shen Chen*, No. A094 923 024 (B.I.A. June 10, 2010), *aff'g* No. A094 923 024 (Immig. Ct. N.Y. City June 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence, and we review questions of law de novo. 8 U.S.C. § 1252(b)(4)(B); *Yan Chen*, 417 F.3d at 271.

We first address Chen's claim for asylum. In *Shi Liang Lin*, this Court determined that, under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for

2

asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007); *see also Matter of J-S-*, 24 I. &. N. Dec. 520, 536-37 (A.G. 2008) (adopting this Court's holding in *Shi Liang Lin*). Because Chen cannot establish eligibility for asylum based on his wife's miscarriage alone, he must show both "other resistance to a coercive population control program" and persecution resulting from that resistance. *Shi Liang Lin*, 494 F.3d at 308 (internal quotation marks omitted).

The agency did not err in finding that Chen failed to establish past persecution based on his assault by family planning officials, his argument with the director of the family planning office, or the threats of arrest and sterilization by family planning officials. While Chen was knocked down, kicked, and punched by family planning officials, he did not need medical attention and the attack did not occur in the context of detention. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (finding "no error in the BIA's conclusion that [petitioner] failed to

3

establish persecution" when he alleged "minor bruising from an altercation with family planning officials" that left "no lasting physical effect"); *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (stating that a minor beating may rise to the level of persecution when it is designed to cause pain, humiliation or other suffering, and occurs in the context of a detention on the basis of a protected ground).  Furthermore, Chen presented no evidence that he was harmed during his argument with the family planning director, or that the family planning officials in any way followed up on their threats.  In fact, Chen testified that he had no contact with family planning officials in the six weeks between the date of that argument and his departure from China.  It was therefore reasonable for the agency to conclude that the harm described by Chen was insufficiently severe to constitute persecution.  *See Jian Qiu Liu*, 632 F.3d at 822; *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Because the agency reasonably concluded that Chen did not suffer past persecution, he is not entitled to a presumption of future persecution.  *See* 8 C.F.R. § 208.13(b)(1).  Chen makes no argument concerning a fear of

4

future persecution independent from his claim of past persecution. Consequently, the agency reasonably concluded that Chen did not meet his burden of establishing a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Because Chen did not demonstrate past persecution, or a well-founded fear of future persecution, the agency did not err in denying his applications for asylum and withholding of removal, which shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Next, we address Chen's claim for CAT relief. Although Chen states that it is possible he may be imprisoned and tortured if he returns to China, he presents no argument or evidence supporting this claim, other than a general statement that he "wishes to have additional children and fears [being] fined, imprisoned and possibly sterilized if returned to . . . China." This assertion is insufficient to overturn the agency's denial of CAT relief. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (concluding that particularized evidence showing the likelihood of torture is necessary to establish eligibility for CAT protection).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk