Veckovic v. Holder

BIA
Bain, IJ
A099 320 129

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand thirteen.

PRESENT:
    DENNIS JACOBS,
    JON O. NEWMAN,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

IVAN VECKOVIC,
        *Petitioner,*

        v.                                    12-2268

                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Saul C. Brown, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Leslie McKay,
                       Assistant Director; Anthony J.
                       Messuri, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Ivan Veckovic, a native of the former Yugoslavia and citizen of Croatia, seeks review of a May 4, 2012, decision of the BIA affirming the October 12, 2010, decision of Immigration Judge ("IJ") Terry A. Bain, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ivan Veckovic*, No. A099 320 129 (B.I.A. May 4, 2012), *aff'g* No. A099 320 129 (Immig. Ct. N.Y. City Oct. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Veckovic does not challenge the agency's denial of CAT relief, we have reviewed only the denial of asylum and withholding of removal.

Veckovic argues that the IJ erred by finding that he failed to demonstrate past persecution or a well-founded fear of future persecution based on his Serbian ethnicity. Although Veckovic was assaulted, verbally harassed, and subjected to property damage,, we find no error in the IJ's determination that the harm Veckovic endured did not rise to the level of persecution because he was not detained during these incidents, and the harm he suffered was relatively minor. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding that a beating which occurred prior to detention, "required no formal medical attention and had no lasting physical effect" did not rise to the level of persecution).

To demonstrate a well-founded fear of future persecution, an asylum applicant must show either: (1) that he suffered past persecution; or (2) a fear of future persecution because he "would be singled out individually for persecution" or because there exists in his country "a pattern or practice . . . of persecution of a group of persons similarly situated to [him]."  8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2).  The IJ reasonably found that Veckovic failed to establish an objectively reasonable basis for fearing future persecution in Croatia.

3

The State Department report described widespread discrimination against ethnic Serbs, including some incidents of violence.  However, as the IJ found, there was no evidence that the Croatian government was unwilling or unable to protect Veckovic, given: (1) Veckovic's testimony that the police helped to investigate the incident in which he was attacked; and (2) the report's indication that Croatian authorities had identified, arrested, and prosecuted other individuals who perpetrated acts of violence against ethnic Serbs.  Accordingly, the IJ did not err in finding that Veckovic failed to establish his eligibility for asylum.  *See id.*; 8 U.S.C. § 1101(a)(42).

Having failed to show the objective likelihood of persecution needed to make out an asylum claim, Veckovic was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.  *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4