Gurung v. Barr

BIA
Loprest, IJ
A205 894 859

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand nineteen.

PRESENT:
    DENNIS JACOBS,
    RAYMOND J. LOHIER, JR.,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*
_____

BAL BAHADUR GURUNG,

        *Petitioner,*

    v.                                            17-3517
                                                  NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*
_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Greg D. Mack,

Senior Litigation Counsel; Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bal Bahadur Gurung, a native and citizen of Nepal, seeks review of an October 6, 2017, decision of the BIA affirming a March 2, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *Gurung,* No. A205 894 859 (B.I.A. Oct. 6, 2017), *aff'g* No. A205 894 859 (Immig. Ct. N.Y. City Mar. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial

2

evidence and questions of law and application of law to fact de novo).

Even assuming Gurung's credibility, we find no error in the agency's alternative conclusion that he did not establish past persecution or a well-founded fear of future persecution.

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). A past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Id.* "The cumulative effect of the applicant's experience must be taken into account" in deciding whether the applicant has suffered persecution. *Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d

3

Cir. 2005) (quotation marks omitted).

The agency did not err in finding that the single beating Gurung endured and subsequent telephonic and written threats he received did not cumulatively rise to the level of persecution. A beating is not "persecution *per se*" and the agency must consider the context, including whether the beating occurred during an arrest or detention, the resulting injuries, and the need for medical attention. *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *see also Beskovic*, 467 F.3d at 226 ("[A] 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."). While Gurung went to the hospital, he did not allege severe injuries, but stated only that he received ointment for his injuries and was released the same day. And the other documented incidents were isolated: the beating was in June 2012, a threatening letter came more than four months later in November 2012 and contained no specific threat of physical harm, and Gurung did not describe the frequency or content of the telephonic threats. Such unfulfilled threats generally will not constitute past persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006).

4

Accordingly, the agency did not err in concluding that the cumulative harm Gurung experienced did not rise to the level of persecution. *See Poradisova*, 420 F.3d at 80; *Jian Qiu Liu*, 632 F.3d at 822.

Absent past persecution, Gurung had the burden of establishing an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Gurung's evidence did not establish an objectively reasonable threat. First, while he alleged that his uncle was involved in the same political party, his uncle remained unharmed in Nepal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country). Moreover, although Gurung's uncle's letters stated that Maoists continued to ask

5

about Gurung, the letters lacked any detail about when or how such inquiries were made.

Second, given the Maoists' 2013 electoral defeat and the absence of any specific allegations that members of the Rastriya Prajatantra Party had been harmed following the 2013 election, Gurung's fear of future harm is "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court
