Chen v. Barr

BIA
Wright, IJ
A206 280 282

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> *Circuit Judges.*

_____

JIAWANG CHEN,

> *Petitioner,*

v.                                                    19-3589
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:              Gary J. Yerman, New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Annette M. Wietecha, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiawang Chen, a native and citizen of the People's Republic of China, seeks review of an October 22, 2019 decision of the BIA affirming a March 5, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiawang Chen*, No. A206 280 282 (B.I.A. Oct. 22, 2019), *aff'g* No. A206 280 282 (Immig. Ct. N.Y.C. Mar. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

It is undisputed that Chen is not eligible for asylum solely on the basis of his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nevertheless, he may still qualify for asylum or withholding of removal if (1) he engaged in "resistance" to the family planning policy, and (2) he suffered harm rising to the level of persecution, or he has a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *See* 8 U.S.C. § 1101(a)(42); *see also Shi Liang Lin*, 494 F.3d at 313.

Even assuming that Chen was targeted for engaging in resistance to the family planning policy, he failed to establish that he suffered persecution on account of that resistance. He did not testify that family planning officials caused him any injury, *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (upholding the agency's conclusion that a minor altercation with family planning authorities did not rise to the level of persecution), and he did not allege that the fine imposed caused him "severe economic disadvantage" as required to demonstrate economic

3

persecution, *In re T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007), particularly as he did not pay the fine, *see Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) ("[A] person has not suffered *past* persecution until payment or collection efforts actually have such persecutive effects.").

Because Chen did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). And although Chen claimed he had a fear of future persecution based on the outstanding fine, the agency reasonably found that this fear was not well-founded. Chen remained unharmed in China from 2009, when the fine was levied, until his departure from that country in 2013. And his wife, who was also subject to the fine, has remained unharmed in China since then. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding a fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). That finding was dispositive of asylum, withholding of removal,

4

and CAT protection.* *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

---

* Contrary to the BIA's and the Government's position, Chen did not waive his CAT claim before the BIA. The IJ denied CAT relief in part because Chen failed to satisfy his burden of proving a well-founded fear of persecution required for asylum. Chen's challenge to that conclusion necessarily included a challenge to the denial of CAT relief.