Lin v. Garland

BIA
Sponzo, IJ
A206 364 970

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-two.

PRESENT:
>       PIERRE N. LEVAL,
>       GERARD E. LYNCH,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

---

QI FA LIN,
>       *Petitioner,*

v.                                                      19-3762
                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

---

FOR PETITIONER:        Gerald Karikari, Esq., Karikari &
                       Associates, P.C., New York, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; Cindy S.

Ferrier, Assistant Director;
Brendan P. Hogan, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Qi Fa Lin, a native and citizen of China, seeks review of an October 25, 2019 decision of the BIA affirming an April 17, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Qi Fa Lin*, No. A 206-364-970 (B.I.A. Oct. 25, 2019), *aff'g* No. A 206-364-970 (Immig. Ct. N.Y. City Apr. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

An asylum applicant must demonstrate that she suffered "persecution or [has] a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). If the applicant suffered persecution in the past, a well-founded fear of future persecution is presumed.

2

8 C.F.R. 1208.13(b)(1).

Here, the agency concluded that Lin did not establish past harm rising to the level of persecution because, although he was detained and beaten during his detention, there was "no indication" that he "suffered any significant injuries or required any medical attention." Because that alone is not a valid basis for concluding that an asylum applicant did not suffer persecution, we remand for further consideration or explanation.

Lin was arrested and detained for three days for distributing religious fliers. During Lin's detention, the police beat and strangled him while interrogating him in an effort to extract the identities of other Christians. Those beatings left him "bruised." Although "[w]e have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*," *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011), we have cautioned that the BIA must be "keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context

3

of an arrest or detention on the basis of a protected ground,"
*Beskovic v. Gonzales*, 467 F.3d 223, 226 & n.3 (2d Cir. 2006).
Because even a minor beating may rise to the level of
persecution under these circumstances, the lack of
significant injury is not alone a basis for concluding that
a beating during a detention for engaging in religious
activities does not constitute persecution. Moreover, where,
as here, the asylum applicant "suffer[ed] physical abuse and
violence at the hands of government agents . . . [t]hat
evidence, if credible, may preclude a finding that the conduct
is mere harassment that does not as a matter of law rise to
the level of persecution, for violent conduct generally goes
beyond the mere annoyance and distress that characterize
harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d
332, 342 (2d Cir. 2006).

The BIA relied largely on *Jian Qiu Liu* to conclude that
Lin did not establish past persecution, but that case did not
involve "mistreatment during . . . detention." 632 F.3d at
821. Rather, the petitioner in that case sustained minor
injuries during a pre-detention *altercation* with government
officials. *Id.* In the instant case, Lin not only alleged

4

that he was beaten and strangled during his time in custody, but that the beatings were intended to wring out the names of fellow church members, which more strongly points towards persecution. *See Beskovic*, 467 F.3d at 226 (holding that even minor mistreatment "can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds").

The agency erred, therefore, in treating the extent of Lin's injuries as dispositive. Since that is the sole reason the agency gave for its conclusion that Lin did not suffer past persecution, we must remand to the agency for further consideration or explanation.

For the foregoing reasons, the petition for review is GRANTED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>