Jaryal v. Garland

BIA
Sponzo, IJ
A208 617 571

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges.*

---

ANIT JARYAL,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-1612
NAC

---

**FOR PETITIONER:** Deepti Vithal, Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A.

Morgan, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Anit Jaryal, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Anit Jaryal,* No. A 208 617 571 (B.I.A. Apr. 22, 2020), *aff'g* No. A 208 617 571 (Immigr. Ct. N.Y.C. June 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be

2

compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). An asylum applicant has the burden to demonstrate past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b).

## A. Past Persecution

Contrary to Jaryal's position, the IJ provided sufficient analysis for judicial review. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). The IJ explained that the two beatings Jaryal suffered at the hands of members of a rival political party did not rise to the level of persecution because he was not hospitalized, he described the scratches and scrapes resulting from the beatings as minor, and he did not suffer permanent injuries. Jaryal does not articulate why this analysis is insufficient. Moreover, the agency reasonably concluded that this harm did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (emphasizing importance of context and upholding agency's conclusion that minor beating by family planning officials that occurred before an arrest by the police and that caused only minor bruising, required no formal

medical attention, and had no lasting physical effect did not rise to the level of persecution); *cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (explaining that a "minor beating . . . may rise to the level of persecution if it occurred in the context of an arrest or detention" (internal quotation marks omitted)).

Jaryal argues that the IJ erred by requiring him to demonstrate permanent injury and hospitalization and relies on *Edimo-Doualla v. Gonzales*, 464 F.3d 276 (2d Cir. 2006), to argue that his physical abuse constitutes persecution. But *Edimo-Doualla* held that the absence of permanent injury does not necessarily preclude a finding of persecution, not that all physical abuse constitutes persecution. *Id.* at 283. And Jaryal's past harm is not comparable to Edimo-Doualla's, as Edimo-Doualla was detained by government authorities, deprived of food and water, forced to bathe with water mixed with urine, beaten with a cane and the flat side of a machete, forced to jump on gravel, beaten with a wire while naked, and suspended from a beam by his arms. *Id.* at 279–80; *see also Beskovic*, 467 F.3d at 226 (reiterating that the "difference between harassment and persecution is necessarily one of

4

degree . . . assessed with regard to the *context* in which the mistreatment occurs" (internal quotation marks and citation omitted)(emphasis in original)).

## B. Future Persecution

Because Jaryal did not establish past persecution, he had the burden of demonstrating a well-founded fear of future persecution, which in part requires showing that his fear is objectively reasonable. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), but a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Jaryal argues that his fear of future harm is objectively reasonable, but he focuses on whether he will be harmed, without addressing the agency's conclusion that he failed to establish that such harm would rise to the level of persecution. Jaryal argues that the IJ ignored country-conditions evidence that similarly situated individuals are

5

persecuted in India, but he does not cite country-conditions evidence to support that argument. Review of the record has not revealed evidence that members of his political party, the Mann Party, are targets of political violence from other parties. Thus, on this record, the agency did not err in concluding that Jaryal failed to establish an objectively reasonable fear of future harm rising to the level of persecution.[1]

The agency's determination that Jaryal failed to establish the well-founded fear of future harm rising to the level of persecution as required for asylum also resolves Jaryal's claims for withholding of removal and CAT relief, which require the same or more severe harm. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *see also* 8 U.S.C. § 1231(b)(3) (withholding requirement that "life or freedom would be threatened"); 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.").

---

[1] Jaryal asserts that the agency should have shifted the burden to the Government to prove that he does not have a well-founded fear of persecution. However, the burden shifts to the Government only if the applicant establishes past persecution. *See* 8 C.F.R. § 1208.13(b)(1).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court