20-4048
Singh v. Garland

BIA
Sponzo, IJ
A208 203 889

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-three.

PRESENT:
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

LOVEPREET SINGH,
> *Petitioner*,

> v.                                                          20-4048
>                                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Law Office of Jaspreet Singh, Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lovepreet Singh, a native and citizen of India, seeks review of a November 9, 2020 decision of the BIA affirming a May 18, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lovepreet Singh,* No. A 208 203 889 (B.I.A. Nov. 9, 2020), *aff'g* No. A 208 203 889 (Immigr. Ct. N.Y.C. May 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(1). To constitute persecution, the harm suffered or feared must be by the government or by private actors that the government is unable or unwilling to control. *See Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) ("[A]n applicant seeking to establish persecution based on [the] violent conduct of a private actor . . . must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." (internal quotation marks omitted)).

Singh alleged that members of the Shiromani Akali Dal Badal ("Badal") Party and the Bharatiya Janata Party ("BJP") attacked him twice on account of his membership in a rival party, the Shiromani Akali Dal Mann Amritsar ("SADA").

**A.    Past Persecution**

"[P]ersecution . . . encompasses a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and citation omitted). "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Id.* "[T]he degree must be assessed with regard to the *context* in which the

3

mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). A beating outside the context of detention is not necessarily persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (emphasizing importance of context and upholding agency's conclusion that minor beating by family planning officials before an arrest by the police that caused only minor bruising, required no formal medical attention, and had no lasting physical effect, did not rise to the level of persecution); *cf. Beskovic*, 467 F.3d at 226 (explaining that a "minor beating . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground" (internal quotation marks omitted)). That an individual's attackers are members of a controlling political party does not alone establish that they are government actors. *See Jagdeep Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or, as [petitioner] alleges of the Akali Dal Badal, is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government. Members of a political party are not the government; for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers." (footnote omitted)); *Scarlett*, 957 F.3d at 331 ("[A] close relationship between

4

government officials and private persons may be probative of the formers' unwillingness or inability to control the latter, but the relationship alone does not transform the private persons into government actors.").

The agency reasonably concluded that Singh did not establish past persecution. Singh testified that he was attacked twice by BJP and Badal party members. He did not require hospitalization nor did he seek out or receive any formal medical treatment after either incident. At no point was Singh detained by authorities for his SADA membership. That his attackers were BJP and Badal Party members does not establish that they were government actors. *See Jagdeep Singh*, 11 F.4th at 115; *Scarlett*, 957 F.3d at 331. Absent some aggravating factor such as an arrest on a protected ground, the agency did not err in concluding that the harm did not constitute persecution. *See Jian Qiu Liu*, 632 F.3d at 822.

**B.     Future Persecution**

Accordingly, Singh had the burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Whether a fear is objectively reasonable "is largely dependent upon the context and believability [an applicant] can establish for his claims through presentation of reliable, specific, objective supporting evidence." *Id.* (internal quotation marks omitted); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)

5

(holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Singh testified that he was attacked twice in the past by rival party members and that when he reported the first attack, a police officer encouraged him to join the BJP and Badal parties. His father's affidavit reported that rival party members came to their home after Singh left India and threatened to kill Singh. Singh's country conditions evidence concerned high-ranking political-party members, not someone in his position, and reflected that while the police have prevented SADA members from organizing, they have focused on party leaders.

Although there is evidence that rival party members may continue to target Singh for his SADA activities, the agency did not err in concluding that Singh failed to satisfy his burden to demonstrate an objective fear of future persecution. As discussed above, the rival party members are not part of the government. *See Jagdeep Singh*, 11 F.4th at 116 n.4. Singh was never harmed by the police, military, or any government official in India, and the country conditions evidence does not demonstrate mistreatment of Sikhs or regular SADA members or indicate that the Indian government would be completely helpless to protect Singh, despite one officer's refusal to act on one occasion. *See Scarlett*, 957 F.3d at 331 ("the unwilling-or-unable standard requires an applicant to show more than

government failure to act on a particular report of an individual crime, or difficulty controlling private behavior" (internal quotation marks omitted and alterations adopted)).

Singh has not argued independent grounds for his CAT claim. Because Singh's asylum, withholding of removal, and CAT claims all rested on the same factual basis, the agency's denial of asylum is dispositive of all relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher standards for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court