*Oliveros Hernandez v. Garland*

BIA
Vomacka, IJ
A073 049 729

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-three.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

CESAR DE JESUS OLIVEROS HERNANDEZ,

> *Petitioner*,

v.                                                                          21-6140
                                                                            NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

_____

**For Petitioner:**                               Perham Makabi, Kew Gardens, NY.

**For Respondent:**                               Brian Boynton, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Mona Maria Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cesar De Jesus Oliveros Hernandez, a native and citizen of Guatemala, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cesar De Jesus Oliveros Hernandez*, No. A073 049 729 (B.I.A. Feb. 10, 2021), *aff'g* No. A073 049 729 (Immig. Ct. N.Y. City June 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

"Because the BIA adopted and affirmed the IJ's decision, we review the two decisions in tandem." *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Questions of law are reviewed *de novo*, whereas factual findings are reviewed

under the substantial-evidence standard and are treated as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

An asylum applicant must show past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Oliveros Hernandez asserts that he demonstrated past persecution because his employers and other workers on the farms where he worked between the ages of nine and twenty verbally and physically abused him because they perceived him to be indigenous. Persecution may include "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe and rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341–42 (2d Cir. 2006). "[T]he degree [of harm] must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic*, 467 F.3d at 226 (internal quotation marks omitted). Moreover, the harm must be inflicted either by state actors or by private individuals that "the government is unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).

Here, the agency did not err in concluding that Oliveros Hernandez's asserted harms did not rise to the level of persecution. To be sure, Oliveros Herandez testified that his childhood classmates and managers at the farm where he worked between the ages of nine and twenty hit him on multiple occasions over the course of eleven years because they perceived him to be an indigenous person. But the agency correctly observed that his injuries never required medical attention, that he only sometimes sustained "bruises" "on [his] body," and that this alleged mistreatment resulted in no "lasting injuries." Certified Admin. Record at 3, 58, 128–30. Accordingly, the agency did not err in concluding that, even considering Oliveros Hernandez's age at the time, the alleged mistreatment and the extent of his "physical harm" were "insufficiently severe to constitute persecution." *Id.* at 3 (citing *id.* at 58–59); *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).[1]

---

[1] Oliveros Hernandez also contends that the agency did not address his allegation that "he was whipped with the reins of a horse and shot at . . . when he was only fourteen years old." Pet. Br. at 17. His own testimony, however, reveals that the farm workers "hit [him] with the reins of the horses" and later shot at him "because [he] was working too slowly" and because he demanded to be paid for his work, not because of his perceived status as an indigenous person. CAR at 112–13. As such, there is no evidence that his persecutors were motivated to harm him "on account of" a protected ground. 8 U.S.C. § 1101(a)(42); *see also Paloka*, 762 F.3d at 195 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (internal quotation marks omitted)). While the agency did not make any explicit nexus findings with regard to these allegations of violent conduct, remand is unnecessary where "it is clear that the agency would adhere to its prior decision in the absence of error." *Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 107

Oliveros Hernandez responds that the agency applied an incorrect legal standard by purportedly determining that there could be no past persecution without a "lasting injury." Certified Admin. Record at 3. We disagree. While it is true that an applicant is not required to show "permanent or serious injury" to establish past persecution, *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 283 (2d Cir. 2006), the agency never suggested that the absence of a "lasting injury" was dispositive, Certified Admin. Record at 3. To the contrary, the BIA considered, in proper context, all the factors that bore on the past-persecution inquiry before determining that the IJ did not err in concluding that there was no past persecution. *See, e.g., id.* ("[E]ven considering the above-summarized harm *aggregately* and in light of [Oliveros Hernandez's] age at the time, the mistreatment and physical harm, which did not result in lasting injuries, are insufficiently severe to constitute persecution." (emphasis added)).

Moreover, even if it could be argued that the asserted abuse rose to the level of persecution, the agency correctly – and independently – noted that the perpetrators were private actors, and that Oliveros Hernandez never demonstrated that he sought help from the police or that the Guatemalan

(2d Cir. 2006) (internal quotation marks omitted).

5

"government was [otherwise] unwilling or unable to control the attackers." *Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021). Although Oliveros Hernandez testified that his family "did not to say anything" to the police for fear that "they wouldn't . . . be protected," Certified Admin. Record at 130–32, nothing in the record reflects that the Guatemalan government "actually perpetrate[d] or incite[d] the persecution, condone[d] it[,] or . . . demonstrate[d] a complete helplessness to protect . . . victims," *Singh*, 11 F.4th at 115. Absent such a showing, it cannot be said that the agency erred in denying the application.

For the same reasons, we agree with the agency's determination that Oliveros Hernandez did not meet his burden of establishing eligibility for withholding of removal or CAT relief. Given that "[t]he standard governing entitlement to withholding of deportation is more stringent than that governing the discretionary grant of asylum[,] . . . [a]n applicant's failure to demonstrate eligibility for asylum automatically leads to a denial of withholding of deportation." *Abankwah v. I.N.S.*, 185 F.3d 18, 22 (2d Cir. 1999). Likewise, because Oliveros Hernandez failed to meet his burden for showing eligibility for asylum, he "necessarily" failed to meet the higher standard for CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For all of these reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court