22-6060
Dong v. Garland

BIA
Loprest, IJ
A208 564 644

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

PRESENT:
DENNIS JACOBS,
GERARD E. LYNCH,
JOSEPH F. BIANCO,
*Circuit Judges.*
_____

XIAO JUN DONG,
*Petitioner*,

v.                                                          22-6060
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

**FOR PETITIONER:** Gerald Karikari, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Jaclyn G. Hagner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Jun Dong, a native and citizen of the People's Republic of China, seeks review of a January 14, 2022, order of the BIA affirming a November 15, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Jun Dong,* No. A208 564 644 (B.I.A. Jan. 14, 2022), *aff'g* No. A208 564 644 (Immig. Ct. N.Y. City Nov. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum must establish past persecution or a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). Dong asserted that, in 2015, police detained him, deprived him of food and water in detention, hit him in the head with a notebook, and slapped him for practicing Christianity in a gathering at his home. Dong also states that police later visited his house once when he failed to report to them as was required as a condition of his release. The IJ did not err in finding that Dong failed to satisfy his burden of establishing that the harm he suffered rose to the level of persecution or that his fear of future persecution is well-founded.

Past Persecution

"Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently

3

severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 340–41 (2d Cir. 2006) (quotation marks omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . [and] the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). "The [agency] must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* But the Court has "never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*." *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).

In determining whether Dong established past persecution, the IJ considered the context in which the harm Dong suffered occurred. *See Beskovic*, 467 F.3d at 226. Nevertheless, the IJ reasonably concluded that, even though Dong's beating occurred in detention and was reprehensible, it did not rise to the level of persecution because he was not severely beaten or injured, and he was held for only one night. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu*, 632 F.3d

4

at 822 (finding no error in the agency's determination that an alien failed to establish past persecution when "*prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). Because Dong has not demonstrated past persecution, he is not entitled to a presumption of a well-founded fear of persecution on account of his religion. *See* 8 C.F.R. § 1208.13(b)(1).

Future Persecution

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate an objectively reasonable fear, an applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii).

The IJ reasonably found that Dong failed to establish that he would be singled out for persecution because he testified, and his mother's corroborating

5

letter stated, that police last visited his home in 2015, when he first failed to report to police, and he did not otherwise provide evidence that police remained interested in him. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). The IJ also did not err in determining that Dong failed to establish "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China because the State Department's International Religious Freedom Report provided that tens of millions of Christians practiced their religion in unregistered churches in China and that officials do not interfere with that practice in some areas of the country. *See In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii). Dong's failure to establish a well-founded fear of persecution is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).\*

---

\* The Government incorrectly argues that Dong waives withholding of removal and CAT relief. The IJ denied that relief because Dong failed to satisfy the lower burden of proof for asylum and thus, any challenge to the denial of asylum necessarily related to all forms of relief.

6

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>