Singh v. Garland

BIA
Sponzo, IJ
A208 617 922

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*
_____

AMRITPAL SINGH,
> *Petitioner,*

v.                                                                                          **21-6624**
                                                                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*
_____

**FOR PETITIONER:** Jatinder S. Grewal, Esq., East Elmhurst, NY (Anas J. Ahmed, Esq., Jackson Heights, NY, *on the brief*).

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Timothy G. Hayes, Senior Litigation Counsel; Michele Y. F. Sarko, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amritpal Singh, a native and citizen of India, seeks review of a November 12, 2021 decision of the BIA, affirming an April 3, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amritpal Singh,* No. A 208 617 922 (B.I.A. Nov. 12, 2021), *aff'g* No. A 208 617 922 (Immig. Ct. N.Y. City Apr. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings

2

. . . under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (internal quotation marks and citation omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). To constitute persecution, the harm suffered or feared must be perpetrated by the government or by private actors that the government is unable or unwilling to control. *See Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) ("[A]n applicant seeking to establish persecution based on [the] violent conduct of a private actor . . . must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." (internal quotation marks and citation omitted)).

Singh alleged that members of the Shiromani Akali Dal Badal Party ("Badal Party") and the Bharatiya Janata Party ("BJP") attacked him in September 2015 on account of his membership in a rival party, the Shiromani Akali Dal Amritsar or Mann Party.

3

**A.  Past Persecution**

"[P]ersecution . . . encompasses a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse . . . ."  *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (alterations adopted) (internal quotation marks and citations omitted).  "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis."  *Id.*  "[T]he degree must be assessed with regard to the *context* in which the mistreatment occurs."  *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).  A beating by government actors outside the context of detention is not necessarily persecution.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (per curiam) (emphasizing importance of context and upholding agency's conclusion that beating by family planning officials before an arrest that caused "only minor bruising," "required no formal medical attention and had no lasting physical effect," did not rise to the level of persecution); *cf. Beskovic*, 467 F.3d at 226 (explaining that a "minor beating . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground" (internal quotation marks omitted)).  That an individual's attackers are members of a controlling political party does not alone establish that they are government

4

actors. *See Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government. Members of a political party are not the government; for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers." (footnote omitted)); *Scarlett*, 957 F.3d at 331 ("[A] close relationship between government officials and private persons may be probative of the formers' unwillingness or inability to control the latter, but the relationship alone does not transform the private persons into government actors.").

The agency reasonably concluded that Singh did not establish past persecution. Singh testified that he was assaulted once by BJP and Badal Party members. He sought treatment at a hospital, but was discharged the same day, and he only required pills, fluids, and bedrest. He remained at his home for six months after the attack without further incident. He was never detained. Absent some aggravating factor such as an arrest on a protected ground, the agency did not err in concluding that this harm did not rise to the level of

persecution. *See Jian Qiu Liu*, 632 F.3d at 821–22. Moreover, Singh believed his attackers were affiliated with the BJP and Badal Party because their vehicle had party stickers on it, but, without more, such affiliation does not establish that his attackers were government actors. *See Singh*, 11 F.4th at 115; *Scarlett*, 957 F.3d at 331.

**B.    Future Persecution**

Because he did not establish past persecution, Singh had the burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Whether a fear is objectively reasonable "is largely dependent upon the context and believability [an applicant] can establish for his claims through presentation of reliable, specific, objective supporting evidence." *Id.* (internal quotation marks and citation omitted); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that a fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best").

Singh testified that he was attacked by rival party members, that the police officer he reported the attack to encouraged him to join the BJP and Badal Party, that the police visited his house four or five times after he left India in 2016, and

6

that his father was beaten by the police in 1991. Singh's country conditions evidence concerns high-visibility party members, but he testified that he attended only two rallies for the Mann Party and not all attendees were party members. The record does not establish that rival party members maintained an interest in Singh after the September 2015 incident because Singh had no further contact with them in the six months he remained at his home in India. Nor is there objective evidence that the police would persecute him for his party affiliation. Singh testified that the police were not interested in him because of the September 2015 incident, that they did not look for him while he remained in India, that there was no summons for his arrest, and that he left the country on his own passport and was not stopped. Moreover, the country conditions evidence did not reflect that someone with his low-level of political involvement would be arrested. On this record, Singh has not established an objectively reasonably fear that he would be persecuted by the police. *See Ivanishvili*, 433 F.3d at 341 (holding that the harm must be sufficiently severe, rising above "mere harassment"); *Jian Xing Huang*, 421 F.3d at 129. While Singh's father was attacked by police in 1991, Singh does not know if his father was known in his village as an individual who held certain political beliefs and there is no evidence that his and his father's attacks were

7

connected. *See Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").

Because Singh's asylum, withholding of removal, and CAT claims all rested on the same factual basis, the agency's denial of asylum is dispositive of all relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to establish fear of persecution required for asylum "necessarily" fails to meet higher standards for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
