22-6188
Li v. Garland

BIA
Cohen, IJ
A206 583 298

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-four.

PRESENT:
　　　　　　JOSÉ A. CABRANES,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　EUNICE C. LEE,
　　　　　　　　*Circuit Judges.*
_____

XUEHUA LI,
　　　　　*Petitioner,*

　　　　　v.　　　　　　　　　　　　　　　　**22-6188**
　　　　　　　　　　　　　　　　　　　　　　**NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　　*Respondent.*
_____

**FOR PETITIONER:**     Mike P. Gao, Esq., Law Offices of Mike P. Gao, P.C., Flushing, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y. F. Sarko, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Xuehua Li, a native and citizen of the People's Republic of China, seeks review of a March 31, 2022 decision of the BIA summarily affirming a September 28, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xuehua Li*, No. A206 583 298 (B.I.A. Mar. 31, 2022), *aff'g* No. A206 583 298 (Immigr. Ct. N.Y.C. Sep. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings for substantial evidence and questions of law de novo. *Paloka v. Holder*,

2

762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, we lack jurisdiction to review the agency's determination that Li's asylum claim was time-barred. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *see Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006). We nevertheless consider the asylum standards below because the agency found that Li's failure to meet the burden of proof for asylum was also dispositive of Li's withholding of removal and CAT claims.

Li alleged that she was arrested and detained by the Chinese Public Security Bureau in 2013 for sheltering a North Korean refugee. She testified that she was detained for five days, that the police threatened her, that she was fed a "very small amount," and that she had trouble falling asleep because she was scared. Certified Administrative Record at 128. But she conceded that the guards did not keep her up, and that she was not physically assaulted. As set forth below, the IJ did not err in concluding that Li failed to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b).

## I.   Past Persecution

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive."   *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted).   In evaluating a past persecution claim, the IJ must consider the harm suffered in the aggregate.   *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

The IJ did not err in concluding that Li's arrest and five-day detention for violating Chinese law did not rise to the level of persecution.   Li did not establish that she suffered harm rising to the level of persecution as she did not allege physical abuse or injury.   *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (upholding agency's conclusion that beating during altercation with family planning officers and resulting arrest and two-day detention did not rise to the level of persecution); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (affirming decision that "brief" detention during which applicant was not harmed "did not establish that [the applicant's] life or freedom would be threatened" if he was removed).   Moreover, punishment for violating the law is not persecution. *See Saleh v. U.S. Dep't of Just.*, 962 F.2d 234, 239 (2d Cir. 1992) ("Punishment for violation of a generally applicable criminal law is not

persecution."); *see also Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) ("[T]he enforcement of generally applicable law cannot be said to be on account of the offender's political opinion, even if the offender objects to the law."). Li also argues that the IJ did not assess her harm cumulatively; however, the IJ considered her arrest and detention, and Li did not identify other harm.

**II.    Future Persecution**

Having failed to show past persecution, Li had the burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(1)–(2). Li argues that she will face persecution and torture because she will resume aiding North Korean refugees and will be targeted for her political opposition to China's North Korean refugee policy. She does not point to evidence apart from her past detention. Because that detention arose from her prosecution for a violation of the law and did not involve any physical harm, the IJ reasonably found that Li failed to establish a well-founded fear of future persecution. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008)

("[W]hen a petitioner bears the burden of proof, [a] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Because her claims for asylum, withholding of removal, and CAT relief rested on the same factual basis, the IJ's conclusion that Li failed to meet the burden required for asylum is dispositive of withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher burden for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court